UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paris Da'Jon Allen,                              Case No. 16-cv-1602 (WMW/SER)

                    Plaintiff,
                                                            **ORDER**
        v.

Kathy Reid, Stephen Cranne, MD,
Nanette Larson, Jane Roe, Kent
Grandlinard, and Kelly Classen,

                    Defendants.

---

This matter is before the Court on Plaintiff Paris Da'Jon Allen's objections, (Dkt. 12), to the August 16, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau, (Dkt. 9), which recommends dismissal of Allen's case without prejudice for failure to prosecute. Also before the Court is Allen's August 29, 2016 motion to appoint counsel, (Dkt. 15). For the reasons addressed below, the Court overrules Allen's objections, adopts the R&R, and denies Allen's motion to appoint counsel.

**BACKGROUND**

Allen, who is incarcerated at the Minnesota Correctional Facility at Oak Park Heights ("MCF-OPH"), commenced this action on May 19, 2016, by filing a complaint against six individuals. Allen's complaint seeks damages and injunctive relief pertaining

to his medical care based on Defendants' alleged violation of Allen's rights secured by the United States Constitution.

On the same day that he filed his complaint, Allen filed an application to proceed without prepaying fees or costs.  That application included a certification from an MCF-OPH official stating that for the six-month period preceding April 28, 2016, Allen's trust fund prisoner account had average monthly deposits of $29.54 and an average monthly balance of $1.55.

In a July 7, 2016 Order, the magistrate judge concluded that because Allen is a prisoner, he is required by statute to pay the filing fee to institute a civil action.  The filing fee may be paid in installments, but Allen must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his trust fund prison account or the average monthly balance of his account for the preceding six-month period.  Based on the information provided with Allen's application, the magistrate judge calculated the required initial partial filing fee to be $5.90.  The magistrate judge ordered Allen to pay the initial partial filing fee within 20 days and cautioned that failure to pay the fee may result in dismissal of the action without prejudice.

Allen failed to pay the initial partial filing fee.  On August 16, 2016, 40 days after the magistrate judge's initial order requiring payment of the filing fee, the magistrate judge issued an R&R recommending dismissal without prejudice for failure to prosecute.

Allen filed objections to the R&R and a separate "motion [for] declaratory judgment."  (Dkts. 10, 12.)  In his objections, Allen argues that his case should not be dismissed for failure to pay the filing fee.  Allen also states that he filed this case to force

Defendants to produce his medical records, which he needs to prove his allegations in this case and other pending cases. Moreover, Allen contends that Defendants have engaged in "obstruction[ist] tactics" to prevent him from paying court filing fees and pursuing his claims. Allen also refers to his disagreement with decisions made by the magistrate judge in another pending civil case.

In addition, Allen filed a motion to appoint counsel. (Dkt. 15.) Allen argues that counsel should be appointed on his behalf because his case presents complex issues and because he has been unable to obtain records relevant to the case on his own.

## ANALYSIS

### I.    Allen's Motion to Appoint Counsel[1]

Neither a constitutional nor a statutory right to appointed counsel exists in a civil case. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). But in its discretion, a district court may appoint counsel to represent an indigent prisoner in a civil case. *Id.* When considering such a motion, courts should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Among the relevant criteria a court considers are "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

---

[1]    "[A] district court may not dismiss a complaint prior to ruling on a pro se plaintiff's motion for appointment of counsel." *Johnson v. U.S. Dep't of Treasury*, 939 F.3d 820, 824 (9th Cir. 1991).

Here, the Court concludes that appointment of counsel on Allen's behalf is unwarranted.   Allen has demonstrated his ability to communicate with the Court, investigate his claim and describe both the facts and the legal issues in his case.   Allen has successfully applied to proceed *in forma pauperis*, drafted and filed his complaint, filed motions, legal memoranda, and exhibits, and objected to decisions of the magistrate judge.  Allen's written submissions include detailed arguments with citations to case law, statutes, procedural rules, and constitutional provisions.   And nothing in the record suggests that the factual or legal issues in this case are so complex as to warrant the appointment of counsel.

Allen contends that his ability to investigate this case has been impeded because Defendants have violated procedural rules, withheld and destroyed evidence, and obstructed his access to his own medical records.   But none of these allegations is supported by evidence in the record.   Moreover, most of Allen's arguments address his disagreement with rulings made in other civil cases and the conduct of the defendants in those cases, none of which has any relevance to the appointment of counsel in this case. Accordingly, the Court declines to appoint counsel on Allen's behalf.

## II.    Allen's Objections to the August 16, 2016 R&R

A district court reviews de novo any portion of a magistrate judge's disposition of a case to which objections are properly filed.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).

Federal law requires a prisoner filing a civil suit to pay the full amount of the filing fee, even when the prisoner's application to proceed *in forma pauperis* is granted.

28 U.S.C. § 1915(b)(1). In such cases, the district court "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the six-month period immediately preceding the date on which the complaint was filed. *Id.* Dismissal is appropriate when a plaintiff fails to prosecute his case or to comply with a court order. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that district courts have inherent power to dismiss sua sponte for failure to prosecute); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (same).

Because the magistrate judge correctly calculated the required initial partial filing fee and Allen failed to pay that fee, the Court concludes that dismissal without prejudice is warranted and adopts the R&R.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.     Allen's objections, (Dkt. 12), are **OVERRULED**;

2.     The magistrate judge's August 16, 2016 Report and Recommendation is **ADOPTED**;

3.     Allen's motion to appoint counsel, (Dkt. 15), is **DENIED**;

4.     Allen's complaint, (Dkt. 1), is **DISMISSED** without prejudice; and

5.      Allen's remaining pending motions, (Dkts. 3, 5, 10), are **DENIED** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  October 19, 2016                                  s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge